THIS was a bill filed to procure a perpetual injunction, against a judgment at law, obtained by Mr. Radcliffe, as administrator of Keziah Ford, on a note of hand given in his lifetime by C. Peters, riow deceased, and which it is alleged has been paid.
The injunction was granted in the first instance by a Chancellor at Chambers, until the further order of the court.
At the hearing of the cause, a great deal of evidence was given with respect to the origin, and the alleged payment of the note; but upon a full examination, and comparison of the evidence, the court was clearly of opinion that the note was fair in its origin, and had not been paid» It was then strenuously contended by the counsel that the note had been barred by the statute of limitations, which ought to have been pleaded; and the court was urged to set aside (or open) the judgment, and to direct an issue, to give the complainant an opportunity • of pleading that statute.
The court, after stating the-case, and decreeing’oh the other points, arising out of the testimony, (but making no point proper to be reported) came to the consideration of the question'as to the statute of limitations, and expressed itself as follows;
Peace & Cheves for the complainants.
K. L. Simons for the defendants.
“ All doubts being- ' removed as to the justness of the debt, the complainants counsel contended that the debt had been barred by the statute of limitations, and urged the court to set aside the judgment, and direct " . J . . • . „ , an lssue’to Slve c°mplamants an opportunity ox pleading that act. But the court do not see how that could be done, was p enclined to it, as the complainants are not executors of C. Peters, and the surviving executor of Peters is no party to this suit.
Bat' independently of that, W. B. Peters, (the then acting executor) in a letter to the administrator (of Ford) the present defendant, previous to the note being barred,, acknowledged the justness of the debt and promised to pay it: and the surviving executor W. P. Smith, who was afterwards sued, knowing, we presume, the debt to be justly due, and the testator, (C. Peters,) having directed all his lawful debts to be paid, did not choose to plead the limitation act. Nor will it be contended that an executor is obliged to plead that act, if he is satisfied that the debt is a fair and honest one. Upon the whole, therefore, the court are of opinion, that the debt being fully substantiated, there Is not that hardship or injustice in the case which is contended, Mr. Peters, in his -lifetime, having received a valuable consideration for the note. The injunction, must be dissolved, and the bill dismissed with costs.”